YOU HAVE ASKED THIS OFFICE FOR AN INFORMAL OPINION REGARDING THE NECESSITY OF OBTAINING AN OVERSIZE PERMIT FOR A PIECE OF EQUIPMENT WHICH SPREADS FERTILIZER ON FARM LAND. I HAVE DISCUSSED THIS MATTER WITH YOUR CONSTITUENT, MR. FOSTER FROM COUNCIL HILL, OK AND I ALSO DISCUSSED IT WITH MR. RON RNOX, WHO SUPERVISES THE SIZE AND WEIGHT DIVISION AT THE DEPARTMENT OF PUBLIC SAFETY. THE OPINIONS EXPRESSED IN THIS LETTER ARE SOLELY MY OWN AND DO NOT CONSTITUTE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
AS YOU MAY KNOW THE SIZE, WEIGHT, AND LOAD OF VEHICLES IS SPECIFICALLY REGULATED BY STATUTE. 47 O.S. 14-101 (1981) ET SEQ. IT IS A MISDEMEANOR FOR PERSONS TO DRIVE ON OKLAHOMA HIGHWAYS IN VIOLATION OF THESE STATUTES. 47 O.S. 14-101(A). THERE ARE PROVISIONS WHERE SPECIAL PERMITS CAN BE OBTAINED FROM THE DEPARTMENT OF PUBLIC SAFETY TO ALLOW OVERSIZE OR OVERWEIGHT LOADS TO BE TRANSPORTED ACROSS THE HIGHWAYS. THERE ARE, HOWEVER, CERTAIN TYPES OF VEHICLES WHICH ARE EXEMPTED FROM THE APPLICABILITY OF THE SIZE AND WEIGHT PROVISIONS OF CHAPTER 14 OF TITLE 47. MOST OF THESE ARE CONTAINED IN 47 O.S. 14-101(B) OF TITLE 47 WHICH PROVIDES AS FOLLOWS:
 "THE PROVISIONS OF THIS CHAPTER GOVERNING SIZE, WEIGHT AND LOAD SHALL NOT APPLY TO FIRE APPARATUS, DEPARTMENT OF TRANSPORTATION RESEARCH TESTING EQUIPMENT, VEHICLES USED BY RETAIL IMPLEMENT DEALERS WHILE HAULING IMPLEMENTS OF HUSBANDRY OR TO IMPLEMENTS OF HUSBANDRY. INCLUDING FARM TRACTORS. AND TEMPORARILY MOVED UPON A HIGHWAY, OR TO A VEHICLE OPERATED UNDER THE TERMS OF THE SPECIAL PERMIT ISSUED AS HEREIN PROVIDED."
IT IS MY UNDERSTANDING THAT THE EQUIPMENT IN QUESTION IS APPROXIMATELY 12 FEET WIDE AND WILL BE USED TO SPREAD FERTILIZER ON FARM LAND. IT WILL NOT ACTUALLY BE OPERATED BY A FARMER BUT BY SOMEONE IN THE FERTILIZER BUSINESS APPLYING FERTILIZER TO THE FARM LAND UNDER SOME SORT OF A CONTRACT. IN MY CONVERSATION WITH THE INDIVIDUALS OF THE DEPARTMENT OF PUBLIC SAFETY I DISCOVERED THAT THEY DRAW A DISTINCTION BETWEEN EQUIPMENT OPERATED BY A FARMER HIMSELF VERSUS EQUIPMENT OPERATED BY COMMERCIAL ENTERPRISES USED ON FARM LAND. IN OTHER WORDS I GOT THE IMPRESSION THAT IF A FARMER OWNED THIS VERY SAME PIECE OF EQUIPMENT THEY WOULD TAKE THE POSITION THAT A PERMIT WAS NOT REQUIRED BUT A COMMERCIAL OPERATOR OF THE SAME EQUIPMENT WOULD HAVE TO GET A PERMIT. QUITE CANDIDLY I DO NOT UNDERSTAND HOW THE STATUTORY LANGUAGE WOULD ALLOW THAT DISTINCTION TO BE MADE. I DO NOT QUESTION THE LOGIC BEHIND IT AS A COMMERCIAL ENTERPRISE MIGHT BE BETTER ABLE TO HAVE THE TIME AND RESOURCES TO OBTAIN PERMITS ON A REGULAR BASIS AND THAT A FARMER IN A RURAL AREA WOULD HAVE GREAT DIFFICULTY IN GETTING SUCH A PERMIT. HOWEVER, IN MY VIEW, A PIECE OF EQUIPMENT WHICH APPLIES FERTILIZER TO FARM LAND WOULD CLEARLY BE AN IMPLEMENT OF HUSBANDRY AS THE TERM HUSBANDRY IS ALMOST SYNONYMOUS WITH AGRICULTURE. BLACK'S LAW DICTIONARY DEFINES HUSBANDRY AS FOLLOWS:
 "AGRICULTURE; CULTIVATION OF THE SOIL FOR FOODS; FARMING, IN THE SENSE OF OPERATING LAND TO RAISE PROVISIONS. BLACKS LAW DICTIONARY (4TH ED. 1968)"
IT MAY BE THAT THE DEPARTMENT OF PUBLIC SAFETY HAS READ THIS STATUTE CONSISTENTLY OVER A PERIOD OF YEARS AND INTERPRETATIONS OF STATUTES BY ADMINISTRATIVE AGENCIES WITH JURISDICTION TO ENFORCE THEM ARE GIVEN GREAT WEIGHT. ORAL ROBERTS UNIVERSITY V. OKLAHOMA TAX COMMISSION, 714 P.2D 1013 (OKLA. 1985). WHILE IT IS NOT MY PLACE TO ADVISE THE DEPARTMENT OF PUBLIC SAFETY THAT THEIR READING OF THE STATUTE IS INCORRECT, I SIMPLY DON'T SEE ANYTHING IN THE BLACK AND WHITE WORDING OF THE STATUTE TO PERMIT DIFFERENT TREATMENT OF IMPLEMENTS OF HUSBANDRY OPERATED BY FARMERS AND IMPLEMENTS OF HUSBANDRY OPERATED BY PERSONS HIRED BY FARMERS. I HOPE THE OBSERVATIONS IN THIS LETTER WILL BE OF SOME USE TO YOU.
(THOMAS L SPENCER)